**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2012
_____

MAGNO JOSELITO GUERRERO-GUERRERO; SONIA ESPERANZA TAPIA-
CUESTA; JOFFRE ALEXANDER GUERRERO-TAPIA,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
A220-604-710, A220-971-478, A220-971-479
Immigration Judge: Steve Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 21, 2025

Before:  CHAGARES, *Chief Judge*, BIBAS, and FISHER, *Circuit Judges*.

(Filed:  February 24, 2025)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Magno Guerrero-Guerrero, his wife, and their son left Ecuador and applied for asylum and withholding of removal in the United States. The Immigration Judge denied relief and the Board of Immigration Appeals (BIA) denied their appeal and subsequent motion for reconsideration.[1] Guerrero-Guerrero appeals the denial of the reconsideration motion. He argues that the BIA abused its discretion by requiring rigid adherence to the procedural requirements for an ineffective-assistance-of-counsel claim and by refusing to reconsider its determination that the Ecuadorian government was not unwilling or unable to protect him. We will deny the petition because the ineffective-assistance claim fails on the merits and the BIA did not abuse its discretion when it denied reconsideration of the Ecuadorian government's willingness or ability to protect Guerrero-Guerrero and his family.

We review an order by the BIA denying a motion to reconsider for an abuse of discretion[2] and the underlying ineffective-assistance claim de novo.[3] The BIA abuses its discretion "when it acts in a manner that is 'arbitrary, irrational, or contrary to the law.'"[4] "[D]enying a motion for reconsideration predicated on either new evidence or legal

---

[1] An order by the BIA denying a motion to reconsider constitutes a final order. *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012). We have jurisdiction under 8 U.S.C. § 1252 (judicial review of orders of removal). The petitions have been consolidated. We refer to the family collectively as "Guerrero-Guerrero."

[2] *Alexander-Mendoza v. Att'y Gen.*, 55 F.4th 197, 209 (3d Cir. 2022).

[3] We review an ineffective-assistance claim de novo because it is a procedural due process claim. *See Fadiga v. Att'y Gen.*, 488 F.3d 142, 153–54 (3d Cir. 2007).

[4] *Castro*, 671 F.3d at 365 (quoting *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004)).

arguments that could have been raised earlier" is not an abuse of discretion.[5] Neither is "declining to revise . . . prior factual findings" where the record does not compel a contrary conclusion.[6]

Guerrero-Guerrero's first argument relates to his ineffective-assistance claim. A petitioner advancing such a claim must comply with the requirements laid out in *In re Lozada*:[7] (1) "provide an affidavit attesting to the relevant facts" of the agreement with former counsel; (2) "inform former counsel of the allegations and allow" counsel an opportunity to respond; and (3) where "prior counsel's handling of the case involved a violation of ethical or legal responsibilities," either file a bar complaint or explain the failure to do so.[8] However, failure to file a bar complaint or provide an explanation "does not necessarily sink" a claim as long as the policy concerns on which the third prong is based—such as policing the conduct of the immigration bar, preventing collusion between counsel and their clients, and highlighting expected standards of conduct—have been served.[9] Guerrero-Guerrero argues that, although he neither filed a bar complaint nor provided a reasonable excuse for failing to do so, the policy goals underlying the third requirement were satisfied. The Government disputes this and claims that this

---

[5] *Alexander-Mendoza*, 55 F.4th at 210.

[6] *Id.*

[7] *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

[8] *Rranci v. Att'y Gen.*, 540 F.3d 165, 172 (3d Cir. 2008) (quoting *Lozada*, 19 I. & N. Dec. at 639).

[9] *Id.* at 174.

3

argument was "a new legal theory" that was improperly raised in a motion to reconsider as it could have previously been raised before the BIA.[10]

However, the dispositive issue here is not Guerrero-Guerrero's compliance with the *Lozada* requirements, but the fact that his ineffective-assistance claim fails on the merits. "Under *Lozada*, to prevail on an ineffective-assistance claim, an alien must demonstrate not only that counsel's assistance was ineffective, but also that he was prejudiced by counsel's poor performance."[11] We agree with the BIA that Guerrero-Guerrero's ineffective-assistance claim does not establish "a reasonable likelihood that the outcome of the case would have been different but for the alleged ineffective assistance of former counsel."[12] In both its denial of the motion to reconsider and its denial of his initial appeal, the BIA held that Guerrero-Guerrero's ineffective-assistance claim failed on the merits because he "[did] not dispute that the police responded" to the burglary and "that he did not seek assistance from the authorities when he was threatened or when his wife was . . . assaulted and robbed."[13] Although Guerrero-Guerrero argues that the BIA ignores facts "essential . . . to demonstrate his case was otherwise winnable but for the actions of prior counsel," he merely reiterates the same facts that the BIA considered twice before.[14] Because Guerrero-Guerrero failed to establish that his

---

[10] Gov't Br. 19.
[11] *Zheng v. Gonzales*, 422 F.3d 98, 107 (3d Cir. 2005).
[12] JA 211.
[13] JA 211; *see also* JA 226.
[14] Petitioner's Br. 13.

previous counsel erred as to the "dispositive issue of government's ability or willingness to protect," there is not a reasonable likelihood that his case would have had a different result.[15]

Guerrero-Guerrero also argues the BIA abused its discretion by refusing to reconsider the finding that the Ecuadorian government was neither unwilling nor unable to assist him. To qualify for asylum, a petitioner must demonstrate that the government either "condoned the [persecution] or at least demonstrated a complete helplessness to protect" the victims.[16] Guerrero-Guerrero argues that this is a disjunctive test, requiring that he prove either an inability or an unwillingness. Guerrero-Guerrero also claims that in making this determination the BIA disregarded four distinct interactions he had with the police and proper consideration would have yielded a different result.

We are not convinced. First, Guerrero-Guerrero's argument that he need only prove unwillingness or inability is inappropriate for a motion to reconsider, as this legal argument was previously available to him.[17] Second, the BIA did not abuse its discretion in denying the motion to reconsider because the facts in the record do not compel a contrary conclusion.[18] Guerrero-Guerrero tries to "fill the evidentiary gap" by arguing

---

[15] JA 211.

[16] *Galeas Figueroa v. Att'y Gen.*, 998 F.3d 77, 84 (3d Cir. 2021) (citation omitted).

[17] *Alexander-Mendoza*, 55 F.4th at 210.

[18] *See id.*

5

that he had further interactions with the police that did not result in any assistance.[19]

However, Guerrero-Guerrero "admit[s]" that his statements are "somewhat confusing" concerning the timeframes of his assaults, interactions with the police, and the police's failure to assist.[20] What is clear is that the police responded to his call for help after the burglary—though they were unable to locate and arrest a perpetrator—and that Guerrero-Guerrero did not make another report against his wife's attacker. After responding to Guerrero-Guerrero's report of the burglary, the police also engaged with his neighborhood safety association efforts. The record does not suggest that the Ecuadorian government failed to respond or did so inadequately, nor that it will fail to do so in the future. As the evidence does not compel a conclusion contrary to the BIA's decision and it is improper to reargue previous arguments or raise previously available ones, the BIA did not abuse its discretion in denying the motion to reconsider.

For the reasons set forth above, we will deny the petition for review.

---

[19] Petitioner's Br. 12 (quoting *Doe v. Att'y Gen.*, 956 F.3d 135, 146 (3d Cir. 2020)).

[20] Petitioner's Br. 14.